UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMA FINANCIAL, LLC,<br>　　　　　　　　　　Plaintiff,<br><br>-v-<br><br>FLITWAYS TECHNOLOGY, INC.,<br>ISLAND CAPITAL MANAGEMENT<br>LLC, and MIRO ZECEVIC,<br>　　　　　　　　　　Defendants. | 20-CV-324 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

Plaintiff EMA Financial, LLC ("EMA") moves for leave to amend its complaint to add three additional claims for relief. (Dkt. No. 64.) For the reasons that follow, the motion is granted.

**I.　Background**

The following facts are taken from the complaint and are assumed true for purposes of this motion.

In March and July 2017, Flitways Technology, Inc. ("Flitways") executed two securities purchase agreements, issuing two convertible notes to EMA, each in the amount of $110,000. (Dkt. No. 1 ("Compl.") ¶¶ 19, 21.) EMA paid for these notes, and Flitways issued irrevocable instructions to Island Capital Management LLC ("Island"), its transfer agent, reserving certain shares to allow stock conversions. (Compl. ¶¶ 19–22.) The notes provide that EMA, any time after September 8, 2017, had the right to convert all or part of the notes into shares of Flitways common stock. (Comp. ¶ 31.)

In early 2018, EMA requested that Flitways increase the share reserve, as required by the agreements, but Island informed EMA that it did not have sufficient shares to raise the reserve.

1

(Compl. ¶¶ 41–42.) In October 2019, EMA sought to convert $2,250 of one note into Flitways shares in accordance with the note, but Island and Flitways failed to do so. (Compl. ¶¶ 44–46.) Flitways instead instructed Island not to process the notice of conversion, despite language mandating that the shares be issued without consent from Flitways. (Compl. ¶ 47.) Island informed EMA that Miro Zecevic, who had been appointed Chairman of the Board and President of Flitways, instructed EMA to reject the conversion. (Compl. ¶ 48.) Zecevic and Flitways suggested in communications with EMA and Island that EMA had never funded the notes in the first place, and obtained two letters from outside attorneys purporting to show that Flitways had no obligation to EMA. (Compl. ¶¶ 50–55.) EMA also discovered that, in October 2018, Zecevic had caused to be filed with the Securities and Exchange Commission a Form 8-K that included false statements regarding EMA. (Compl. ¶¶ 75–84.)

EMA filed this suit in January 2020. (*See* Compl.) In September 2020, EMA deposed Zecevic and determined that:

> (i) Flitways was inadequately capitalized and did not observe corporate formalities, (ii) Mr. Zecevic is the controlling shareholder of Flitways and controls its business decisions and operations, (iii) Mr. Zecevic selects who[m] Flitways hires, and uses employees or contractors of his other businesses to run Flitways. (iv) these employees are paid by funds commingled with funds from Mr. Zecevic's other businesses, and (v) Flitways does not have a distinct office, address or phone number. Rather, Flitways uses the same office space, address, and phone numbers as Mr. Zecevic's other business.

(Dkt. No. 66 at 3.) In a December 2020 settlement conference, Judge Lehrburger facilitated an on-the-record settlement agreement between EMA and Zecevic. (Dkt. No. 65-2.) Judge Lehrburger stated that "there's been a partial settlement in that the plaintiffs have reached a deal on principle with Mr. Zecevic and Flitways" but had not reached agreement with Island. (*Id.*) The settlement terms were that Zecevic would convert the outstanding principal of the two notes, plus interest, at a discounted rate and using a non-Island transfer agent. (*Id.*) He also stated that

"there will be a provision that the lawyers are going to work out in sum and substance that provide that Mr. Zecevic will not object or cause the company to object to … the issuance of the converted shares, and that the irrevocable letter will be provided and such." (*Id*.) Judge Lehrburger further stated that "the lawyers are going to work on particularly making specific and concrete the concept of Mr. Zecevic not interfering with the conversion and not leaving in terms that are vague and ambiguous. (*Id*.)

After EMA's counsel emailed a draft settlement agreement to Flitways and Zecevic's counsel in late December 2020 and inquired about the status of the settlement agreement for weeks, Flitways and Zecevic's counsel informed them around January 21, 2021 that Zecevic had filed for Flitways to be placed in a Chapter 11 bankruptcy a few days prior. (Dkt. No. 62.) EMA filed the present motion on February 4, 2021, to add three additional claims to the complaint: (1) piercing the corporate veil against Zecevic and Flitways, (2) breach of the settlement agreement; and (iii) in the alternative, specific performance of the settlement agreement.

## II. Legal Standard

Federal Rule of Civil Procedure 15 directs courts to "freely give leave" for a party to file an amended pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). In ruling on a motion to amend, "the Court should consider whether the motion is being made after an inordinate delay without adequate explanation, whether prejudice to the [opposing party] would result, whether granting the motion would cause further delay, and whether the amendment would be futile." *Vt. Country Foods, Inc. v. So-Pak-Co., Inc.*, 170 F. App'x 756, 759 (2d Cir. 2006) (summary order) (quoting *Mountain Cable Co. v. Pub. Serv. Bd.*, 242 F. Supp. 2d 400, 403 (D. Vt. 2003)).

Relevant here, "[a]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). To survive such a motion, a claim must be based on factual allegations that, if assumed to be true, are sufficient "to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "allow[ing] the court to draw the reasonable inference that the [accused party] is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

Defendant Zecevic argues that EMA should not be granted leave to amend because its additional claims are futile.

First, with regard to the veil-piercing claim, Zecevic contends that EMA did not specify how he used his domination over Flitways to commit a fraud or wrong that injured EMA. He seemingly argues that the claim fails "because Zecevic committed no fraud on account that [Flitways] denied Plaintiff's request to convert based on two independent legal opinions that concluded that Plaintiff was not entitled to convert." (Dkt. No. 67 at 2.) But it is for this Court or a jury, not two outside attorneys, to determine whether Zecevic committed fraud. Zecevic does not make any other argument against piercing the corporate veil, nor does this Court perceive one. EMA has certainly alleged, for the purposes of a motion to amend, "complete control" by Zecevic that "leads to a wrong against third parties." *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir. 1991). EMA may amend its complaint to add such claim.

Second, Zecevic argues against the addition of the claim for breach of the settlement agreement by noting that the agreement as articulated by Judge Lehrburger on the record was not

yet finalized. In particular, counsel had yet to "mak[e] specific and concrete the concept of Mr. Zecevic not interfering with the conversion." (Dkt. No. 65-2.) In similar circumstances, the Second Circuit held that a "settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007). Here, at least as alleged, the agreement was sufficiently clear, and for the purposes of this motion EMA has pleaded sufficient facts for a reasonable factfinder to determine Zecevic breached a binding settlement agreement. While "the concept of Mr. Zecevic not interfering with the conversion" was not yet "specific and concrete," placing Flitways into Chapter 11 bankruptcy seemingly falls within the agreement's ambit. (Dkt. No. 65-2.) EMA may amend its complaint to add both claims regarding breach of the settlement agreement.

### IV. Conclusion

For the foregoing reasons, the motion to amend is GRANTED. EMA shall file its amended complaint on the public docket within 7 days. The parties shall file a joint letter proposing a schedule for the next phase of proceedings within 14 days.

The Clerk of Court is respectfully directed to close the motion at Docket Number 64.

SO ORDERED.

Dated: July 7, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge