```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
  EMA FINANCIAL LLC,                                            :
                                                                :     20-cv-0324 (JPO)
                                                  Plaintiff,    :
                                                                :            ORDER
                         -v-                                    :
                                                                :
  FLITWAYS TECHNOLOGY, INC., et al.,                            :
                                                                :
                                                  Defendants.   :
                                                                :
-------------------------------------------------------------- X
```

J. PAUL OETKEN, District Judge:

Plaintiff EMA Financial, LLC ("EMA") brings this action against Flitways Technology, Inc. ("Flitways") and Miro Zecevic ("Zecevic") in his personal capacity (together, "Defendants").[1] As to Flitways, EMA asserts related New York common-law tort and contract claims as well as federal securities fraud claims. EMA moves for a default judgment against Defendant Flitways. For the reasons that follow, the motion is granted.

**I.    Background**

The Court assumes familiarity with the facts of this case due to two extensive summaries published in prior opinions. (ECF Nos. 69, 88.) The parties are alleged to have a years-long course of dealing about which EMA asserts federal securities violations, violations of Flitways' obligations under the various contracts between the parties, and specific performance. (ECF No. 70 ("AC") ¶¶ 1, 49, 77.)

---

[1] Island Capital Management LLC was also named in EMA's Amended Complaint, but EMA settled with Island Capital, and the Court dismissed that component of this action on August 10, 2021. (*See* ECF No. 74 at 2.)

1

.

EMA's claims all relate to a series of contracts, including two promissory notes and several agreement amendments executed by EMA and the Defendants, covering financial market transactions over the course of 2018 and 2019. (*See* AC ¶¶ 39 – 51.) The combination of these contractual instruments, EMA alleges, obligated Flitways to deliver to EMA a specified quantum of Flitways Common Stock Shares. (AC ¶ 118.) EMA sought relief in the form of specific performance, compelling Flitways to tender the Shares, as well as compensatory damages for contractual breach. (*See* AC ¶¶ 17, 125, 131, 141, 148.) EMA also alleged that Flitways engaged in federal securities fraud under the Securities Exchange Act of 1934, entitling it to treble damages. (AC ¶ 171.) EMA further alleged that piercing the corporate veil of one of Flitways' subsidiary firms was justified for equitable reasons. (AC ¶ 198.)

On January 14, 2020, EMA filed this action. (*See* ECF No. 1.) On July 19, 2021, EMA filed its first Amended Complaint, still the operative pleading. (*See* AC ¶ 1.) After Flitways did not participate in this case (unlike the other Defendants) for three years, EMA obtained a certificate of default from the Clerk of the Court on December 14, 2022, against Flitways. (*See* ECF No. 105.) Then, on December 29, 2022, EMA moved the Court to enter a default judgment against Flitways, awarding EMA all relief running against Flitways prayed for in the Amended Complaint. (ECF No. 106.) EMA served default papers on Flitways on December 30, 2022. (ECF No. 108.) But Flitways still did not respond to EMA's motion despite having over five months to do so. (ECF No. 109.) On May 24, 2023, the Court prompted Flitways to respond lest it deem EMA's motion unopposed and grant it in full unless, by June 7, 2023, Flitways both appeared and responded. (*See* ECF No. 113.) As of June 8, 2023, Flitways has done neither.

**II.     Discussion**

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). A court may "issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *United States v. Thomas*, No. 18 Civ. 1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019) (quoting *Kennedy v. Medgen, Inc.*, No. 14 Civ. 5843, 2016 WL 6585812, at *5 (E.D.N.Y. Apr. 19, 2016)).

EMA seeks both injunctive and monetary relief against Flitways, specifically (1) preliminary and permanent injunctions obliging Flitways to transfer certain Shares of Common Stock; (2) specific performance; (3) money damages for contractual breach; and (4) money damages and punitive damages under the securities laws.[2] (ECF No. 110 at 17 – 19.) EMA also

---

[2] EMA calculates damages in the following way: As to the first promissory note transaction, under that contract's treble damages clause, EMA alleges damages of $167,978.22; as to the second promissory note, EMA alleges damages of $450,499.27. (ECF No. 110 at 19, 20 – 21.) EMA has produced over fifteen exhibits as well as robust explanations for these calculations

alleges that, because Flitways assumed settlement obligations on behalf of a previously dismissed defendant, and Flitways had not made such payments yet, it further owes EMA $124,700.77. (ECF No. 110 at 23.) EMA also alleges that it was contractually entitled to attorney's fees under a fee-shifting provision alleged to be present in all written instruments between the parties. EMA contends that it is entitled to an attorney's fee award of $79,671.31. (ECF No. 110 at 23.)

The Court concludes that based on the well-pleaded allegations in EMA's Amended Complaint, Flitways' liability, damages, and entitlement to other relief have been established as a matter of law.

**III.  Conclusion**

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. EMA Financial, LLC is awarded judgment against Defendant Flitways Technology, Inc. as follows:

(1) Flitways shall specifically perform the relevant agreements, including the First Note and First SPA, Second Note and Second SPA, and the First Transfer Agent Agreement and Second Transfer Agent Agreement, and to deliver immediately to EMA the shares of its Common Stock pursuant to each Notice of Conversion submitted, to increase the share reserve, as well as to provide EMA with the necessary resolutions that may be required, and to take whatever steps necessary (as per the terms of the agreements), sufficient to enable EMA to sell the shares publicly without restriction;

---

based on contractual interpretation, relevant case law approving and interpreting similar agreements, and interest calculation. (*Id.*)

(2) As to claims enforcing the first promissory note, Flitways shall pay to EMA damages in the amount of $167,978.22, plus interest at $63.20 *per diem* calculated from December 14, 2022 to the date of entry of judgment;

(3) As to claims enforcing the second promissory note, Flitways shall pay to EMA damages in the amount of $450,499.27, plus interest at $169.50 *per diem* calculated from December 14, 2022 to the date of judgment;

(4) As to claims related to the prior settlement releasing claims against a different Defendant and other costs which Flitways either assumed or were assigned to it, Flitways shall pay restitution in the amount of $124,700.77;

(5) Flitways shall deliver immediately to EMA the shares of its Common Stock pursuant to each Notice of Conversion submitted, to increase the share reserve, as well as to provide EMA with the necessary resolutions that may be required, and to take whatever steps necessary (as per the terms of the agreement), sufficient to enable EMA to sell the shares publicly without restriction; and

(6) Flitways shall pay EMA $79,671.31 in attorney's fees and costs.

This Court will retain jurisdiction to enforce this Order.

The Clerk of the Court is directed to enter judgment as set forth above.

The Clerk is also directed to close the motion at ECF Number 106.

EMA is directed to mail a copy of this Order to Defendants and to the New York Secretary of State.

SO ORDERED.

Dated: June 8, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge